## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **BRITTANY BURK, on behalf of herself** | § | |
| **and all others similarly situated,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00663 |
| | § | |
| **DIRECT ENERGY, LP,** | § | |
| Defendant. | § | |

### DIRECT ENERGY, LP'S STATUS LETTER REGARDING ITS MOTION FOR PRELIMINARY INJUNCTION

This letter provides an update on issues relating to the preservation of Total Marketing Concepts, Inc.'s records subject to the postponed foreclosure sale in *Big Elk Funding, LLC v. Total Marketing Concepts, Inc.*, Case No. 2019-CA-2536, pending in the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida (the "Foreclosure Action").

Direct Energy previously filed a motion for a preliminary injunction to enjoin the Foreclosure Action because documents relevant to this case were in jeopardy of being lost or destroyed in a foreclosure sale to an unknown purchaser of TMC assets. (ECF No. 33) On January 24, 2020, Direct Energy filed with this Court a copy of the Assumption and Assignment Agreement that would permit the Foreclosure Action to continue— absent any injunction from this Court—while also obligating Big Elk, its owner, and the court-appointed receiver to preserve certain records potentially relevant to the *Burk* litigation. (ECF No. 48-1) However, since the last status conference, TMC has not given Direct Energy an executed copy of the Assumption and Assignment Agreement, despite repeated requests. Moreover, there have been several developments in the Foreclosure Action vis-à-vis the court-appointed receiver that call into question TMC's and Big Elk's ability to execute the Assumption and Assignment Agreement in good faith, much less perform it.

On April 2, 2020, Jeremiah Foster, the court-appointed receiver, filed an emergency motion to terminate the receivership in the Foreclosure Action and to discharge him from his duties as receiver. Mr. Foster complained that TMC was abusing the court-appointed receivership to perpetuate a fraud.[1] In particular, Mr. Foster complained that Big Elk and TMC are essentially one-in-the-same and through the court-appointed receivership and foreclosure sale are attempting to avoid TMC's legitimate obligations. Mr. Foster also complained that certain TMC/Big Elk representatives were opening bank accounts without his knowledge and applying for a U.S. Small Business Administration Disaster

---

[1] The relevant briefing is enclosed herein. *See* Exhibit 1.

Business Loan on TMC's behalf. As Mr. Foster explained, such a loan to TMC cannot serve a legitimate purpose if TMC is winding down. And, prior to the COVID-19 crisis, TMC indicated—certainly to this Court—its intention to wind down. On April 16, the Honorable Melanie Chase granted Mr. Foster's motion, terminating the TMC receivership.

The foreclosure sale of TMC has also been removed from the calendar due to various COVID-19 administrative orders. While TMC has filed a motion to reset the foreclosure sale and requested a hearing on June 3, 2020, it is unclear what the near future holds with respect to the status of any foreclosure sale, accusations of fraud against TMC, and the actual relationship between Big Elk Funding and TMC.

Given that a foreclosure sale is not imminent, there is no reason to believe the relevant records are in imminent jeopardy of loss or destruction due to any foreclosure sale. However, Direct Energy will continue to follow the Foreclosure Action and will bring any issues affecting the preservation of TMC records to the Court's attention.

Dated: May 4, 2020										Respectfully submitted,

										MCDOWELL HETHERINGTON LLP

										*/s/ Michael D. Matthews, Jr.*
										Michael D. Matthews, Jr.
										Texas Bar No. 24051009
										William B. Thomas
										Texas Bar No. 24083965
										1001 Fannin Street, Suite 2700
										Houston, Texas 77002
										T:  (713) 337-5580
										F:  (713) 337-8850
										matt.matthews@mhllp.com
										william.thomas@mhllp.com

										*Attorneys for Defendant Direct Energy*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was duly served upon all Counsel of record via electronic service, in accordance with the Federal Rules of Civil Procedure, on May 4, 2020.

                                                                  */s/ Michael D. Matthews, Jr*
                                                                   Michael D. Matthews, Jr.