# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BRITTANY BURK, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>DIRECT ENERGY, LP,<br><br>*Defendant.* | Case No. 4:19-cv-663<br><br>**PLAINTIFF'S MOTION TO SUBSTITUTE CLASS REPRESENTATIVE**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

2102960.5

# TABLE OF CONTENTS

**Page**

I. Introduction ................................................................................................................. 1

II. Background.................................................................................................................. 1

III. Legal Standard ............................................................................................................. 4

IV. Argument ..................................................................................................................... 5

    A. Courts Routinely Permit Substitution of Class Representatives to Avoid Adequacy Concerns............................................................................. 5

    B. Plaintiff Has Acted Expeditiously to Request Substitution ......................... 9

    C. Substitution Will Cause No Prejudice......................................................... 10

V. Conclusion................................................................................................................. 11

**TABLE OF AUTHORITIES**

Page

**CASES**

*Arevalo v. Fidelity Nat'l Fin., Inc.*,
   No. SA-06-CA-0265-OG, 2007 WL 9712070 (W.D. Tex. Feb. 14, 2007) ............. 4, 6, 8

*Chavez v. Ill. State Police*,
   251 F.3d 612 (7th Cir. 2001) .................................................................................... 4, 8

*D.J. through O.W. v. Conn. State Board of Educ.*,
   No. 3:16-cv-01197, 2019 WL 1499377 (D. Conn. 2019) ............................................ 8

*Graves v. Walton County Bd. of Educ.*,
   686 F.2d 1135 (5th Cir. 1982) .................................................................................. 4, 6

*In re General Motors LLC Ignition Switch Litig.*,
   No. 14-MD-2543, 2017 WL 5504531 (S.D.N.Y. Nov. 15, 2017) ................................. 6

*In re Motor Fuel Temperature Sales Practices Litig.*,
   No. 07-MD-1840-KHV, 2009 WL 3122501 (D. Kansas Sept. 24, 2009) ................ 9, 10

*In re Neopharm, Inc. Sec. Litig.*,
   No. 02-C-2976, 2004 U.S. Dist. LEXIS 5814 (N.D. Ill. Apr. 7, 2004) .......................... 4

*In re Stone Energy Corp. Sec. Litig.*,
   No. 05-2088, 2009 WL 3232786 (E.D. La. Sept. 30, 2009) ....................................... 10

*In re Thornburgh*,
   869 F.2d 1503 (D.C. Cir. 1989) ................................................................................... 6

*Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. General Motors Corp.*,
   175 F.R.D. 234 (N.D. Miss. 1997) ........................................................................... 4, 6

*Lavender v. Driveline Retail Merchandising, Inc.*,
   No. 3:18-cv-2097, 2019 WL 4237848 (C.D. Ill. Sept. 6, 2019) ........................... passim

*Lynch v. Baxley*,
   651 F.2d 387 (5th Cir. 1981) ..................................................................................... 10

*Mississippi Protection & Advocacy Sys. v. Cotten*,
   929 F.2d 1054 (5th Cir. 1991) ..................................................................................... 6

*Phillips v. Ford Motor Co.*,
   435 F.3d 785 (7th Cir. 2006) ....................................................................................... 4

*Raquedan v. Centerplate of Delaware, Inc.*,
   No. 17-CV-03828-LHK, Dkt. 31 (N.D. Cal. Jan. 23, 2018) ............................... 7, 8, 10

*Shankroff v. Advest, Inc.*,
   112 F.R.D. 190 (S.D.N.Y. 1986) ................................................................................. 6

*Stewart v. Winter*,
  669 F.2d 328 (5th Cir. 1982) ....................................................................................... 6

## **STATUTES**

TCPA, 47 U.S.C. § 227 ....................................................................................................... 1

## **RULES**

Fed. R. Civ. P. 15 ............................................................................................................ 4, 9

Fed. R. Civ. P. 16 ............................................................................................................ 5, 9

Fed. R. Civ. P. 21 ............................................................................................................ 4, 8

Fed. R. Civ. P. 23 ...................................................................................................... 1, 5, 8

Fed. R. Civ. P. 24 ............................................................................................................ 5, 8

## **TREATISES**

1 Newberg on Class Actions § 2:17 (5th ed.) .................................................................... 5

Manual for Complex Litig. (4th ed. 2004) .................................................................... 4, 8

## I. INTRODUCTION

This is a proposed class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), challenging a single telemarketing call campaign to an identifiable group of individuals. Plaintiff Brittany Burk ("Burk") and her counsel vigorously pursued the class TCPA claim. Recently, at Ms. Burk's depositions, Plaintiff's counsel became aware that Ms. Burk has criminal allegations against her unrelated to that class TCPA claim, including a still-pending charge regarding recent alleged conduct in April 2020.

To keep the focus squarely on the class TCPA claim, Ms. Burk respectfully requests that another class member, Ms. Ellen Young ("Young"), be permitted to serve as the class representative for this matter. In cases on all fours with the instant request, courts have allowed another class representative to substitute for a plaintiff with an alleged criminal history. *See, e.g.*, *Lavender v. Driveline Retail Merchandising, Inc.*, No. 3:18-cv-2097, 2019 WL 4237848 (C.D. Ill. Sept. 6, 2019). Ms. Burk requests that the Court permit the same relief here so the case can proceed with a focus on the real issue—Direct Energy's telemarketing calls—and not on her personal life. Substitution will conserve judicial resources, conserve the parties' resources, and protect the interests of the class. Ms. Burk's substitution request should be granted.

## II. BACKGROUND

On February 25, 2019, Ms. Burk filed this putative class action claiming that Defendant Direct Energy violated the TCPA by using a prerecorded voice and/or automatic telephone dialing system to place hundreds of thousands of calls and text messages to cell phone owners without their permission. *See generally* Dkt. 1. Ms. Burk brought this case as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and similarly situated individuals who received such calls. *Id.*

Ms. Burk has actively litigated this case. She propounded discovery requests on Direct Energy and sought documents and deposition testimony from relevant third

-1-

parties. Declaration of Gary M. Klinger ("Klinger Decl.") ¶ 3, submitted herewith. Direct Energy has produced documents and Plaintiff's counsel sought and obtained more documents through third-party subpoenas to Direct Energy vendors Teledrip, Britebox, and Total Marketing Concepts. *Id.* ¶ 4. Plaintiff's counsel took the deposition of Direct Energy's 30(b)(6) representative and a representative of Total Marketing Concepts. *Id.* ¶ 5. Plaintiff's counsel engaged a subject matter expert, Jeffrey A. Hansen, who has reviewed and analyzed documents produced in this case and produced an expert report. *Id.* ¶ 6; Dkt. 85 at A0596. Pursuant to the Court's current scheduling order, Ms. Burk recently filed her motion for class certification and will respond to a concurrent motion to dismiss filed by Direct Energy. Dkt. 81, 84.

Direct Energy took the deposition of Ms. Burk on November 17, 2020—some 21 months after she filed her case. Klinger Decl. ¶ 11. At that deposition, counsel for Direct Energy asked Ms. Burk questions about her criminal history, and introduced as exhibits documents that purportedly showed prior arrests and criminal charges brought against Ms. Burk. Klinger Decl. ¶ 12. Until that deposition, Plaintiff's counsel was unaware of these allegations and of Direct Energy's intention to raise any adequacy challenge due to Ms. Burk's purported criminal history.[1] Klinger Decl. ¶ 13.

On November 24, Plaintiff's counsel met and conferred with counsel for Direct Energy.  Plaintiff's counsel advised Direct Energy that Ms. Young sought to serve as a class representative because she received Direct Energy calls to her cell phone as part of the same call campaign as Ms. Burk. Klinger Decl. ¶ 17. Plaintiff's counsel told Direct Energy's counsel that while Ms. Burk did not believe that her criminal history (which she shares in common with millions of other Americans) should prevent her from

---

[1] More than a year earlier, Plaintiff's counsel specifically requested documents "referencing and/or relating to the named plaintiff" so that they could be aware as early as possible if Direct Energy intended to raise any adequacy challenge.  Klinger Decl. ¶ 15.  Yet, Direct Energy did not produce these responsive documents before Ms. Burk's deposition.

representing the class, in the interest of avoiding any potential issue, she intended to substitute Ms. Young for herself as class representative. Klinger Decl. ¶¶ 17-18. The next day, Plaintiff's counsel emailed Direct Energy's counsel to provide Ms. Young's cell phone number and inquired whether Direct Energy would oppose Ms. Burk's motion to substitute. Klinger Decl. ¶ 19.

On December 3, 2020, Direct Energy's counsel informed Plaintiff's counsel that Direct Energy would oppose the request for substitution. Klinger Decl. ¶ 20.

On December 7, 2020, Ms. Burk filed her motion for class certification. Dkt. 84. In support of that motion, Ms. Young submitted a sworn declaration detailing her receipt of Direct Energy telemarketing calls. Dkt. 85, Tab 6, at A1760-63. Ms. Young's experience was *identical* to Ms. Burk's; both received Direct Energy prerecorded messages, autodialed calls, and text messages, on their cellular phone, from the same Direct Energy telemarketing call campaign. *Id.*, Tabs 5-6, at A1758-63. Through expert analysis of calls records and other evidence related to that Direct Energy telemarketing call campaign, Plaintiff's expert concluded that the same autodialer "was used to place calls to the Plaintiff and members of the proposed Class, including Ms. Young, using pre-recorded voice messages and SMS text messages." *Id.*, Declaration of Jeffrey A. Hansen, Tab 2, at A0607.

Also on December 7, 2020, Plaintiff filed a letter with the Court requesting a pre-motion conference pursuant to the Court's procedures. *See* Dkt. 86. In response to Plaintiff's letter, Direct Energy filed a response, to which it attached additional documents that had not been previously produced, including charges stemming from alleged conduct in April 2020. *See* Dkt. 89. Direct Energy's filing was the first time Plaintiff's counsel learned of the 2020 allegations. Klinger Decl. ¶ 22.

The Court held a conference on December 9, 2020. The Court granted Ms. Burk permission to file the substitution motion, ordered the Parties to meet and confer regarding a briefing schedule, and advised the Parties that it would consider the pending

motion for class certification, motion to dismiss, and motion for substitution once all three had been briefed. *See* Dkt. 92.

### III. <u>LEGAL STANDARD</u>

Substitution of a class representative is "common" and an "unexceptionable ('routine') feature of class action litigation." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (Posner, J.). "It is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive. . . ." *Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. General Motors Corp.*, 175 F.R.D. 234, 239 (N.D. Miss. 1997) (quoting *Graves v. Walton County Bd. of Educ.*, 686 F.2d 1135, 1138 (5th Cir. 1982)). Substitution is appropriate "if a representative has engaged in conduct inconsistent with the interests of the class or is no longer pursuing the litigation." Manual for Complex Litig. § 21.26 (4th ed. 2004).

The Court has discretion to substitute a class representative through any one of five procedural mechanisms. *First*, "[t]he court may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification." Manual for Complex Litig. § 21.26; *Arevalo v. Fidelity Nat'l Fin., Inc.*, No. SA-06-CA-0265-OG, 2007 WL 9712070, at *3 (W.D. Tex. Feb. 14, 2007) (same). *Second*, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also, e.g.*, *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (substituting a new named plaintiff for one that has dropped out of a putative class action is a "legitimate reason" that "weigh[s] in favor of" granting a motion under Rule 21); *In re Neopharm, Inc. Sec. Litig.*, No. 02-C-2976, 2004 U.S. Dist. LEXIS 5814, *3 (N.D. Ill. Apr. 7, 2004) (acknowledging Rule 21 is the appropriate method to remove a named plaintiff in a putative class action). *Third*, if substitution would require an amended complaint, Rule 15 permits the amendment of a complaint with leave of Court, which "[t]he court should freely give [] when justice so requires." Fed. R. Civ. P. 15. *Fourth*, to the extent that substitution

would affect the Court's scheduling order, amendment may be allowed "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *Finally*, Rule 24(b)(1)(B) permits a party to intervene in an action who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  In deciding whether to allow permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## IV.  ARGUMENT

The Court should permit Ms. Young to substitute for Ms. Burk as class representative. Plaintiff's counsel acted expeditiously and in good faith to substitute Ms. Young upon learning of Direct Energy's stated intention to challenge Ms. Burk's adequacy.  Substitution will not cause prejudice to Direct Energy. To the contrary, substituting Ms. Young for Ms. Burk will best serve the interests of the Parties, the class, and the Court, and will maximize judicial economy.

### A.  **Courts Routinely Permit Substitution of Class Representatives to Avoid Adequacy Concerns**

"Once a class complaint is filed[,] . . . Rule 23 is designed to assure that the rights of absent class members are not prejudiced by the voluntary actions of the representative plaintiff." 1 Newberg on Class Actions § 2:17 (5th ed.). For this reason, courts routinely allow the substitution of class representatives where an issue arises that could impair the ability of the current class representative to perform the representative function, whether their inability is the result of mootness—for example, a class representative who accepts an individual settlement to resolve her claim—or an adequacy challenge, such as a plaintiff who has a record of criminal conduct or bankruptcy. Indeed, "when a certified or putative class is left without adequate representation, courts hold that adding a new class representative is appropriate, even required, to protect class interests." *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2017 WL 5504531, at *1 (S.D.N.Y.

-5-

Nov. 15, 2017) (collecting cases); *accord Stewart v. Winter*, 669 F.2d 328, 334 (5th Cir. 1982) ("If the district court believes that a prisoner's post-certification release renders him an inadequate representative, the solution is to permit his substitution by a new representative, not to dismiss the class claims."); *Graves v. Walton County Bd. of Educ.*, 686 F.2d 1135, 1138 (5th Cir. 1982) ("It is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot."); *Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. General Motors Corp.*, 175 F.R.D. 234, 239 (N.D. Miss. 1997) (same).

Substitution is particularly appropriate where, as here, the defendant challenges the named plaintiff's adequacy to serve as a class representative. "The practice of allowing the intervention, addition, or substitution of class representatives is generally the proper route, especially when the original named plaintiffs may no longer meet the adequacy requirement." *Arevalo*, 2007 WL 9712070, at *2; *see also Mississippi Protection & Advocacy Sys. v. Cotten*, 929 F.2d 1054, 1058 (5th Cir. 1991) (approving district court allowance of substitution under Fed. R. Civ. P. 15 where substitution did not change nature of lawsuit).[2]

Indeed, courts routinely permit substitution in consumer class action cases where, like here, the named plaintiff faces unrelated allegations of criminal conduct. *See, e.g.*, *Lavender v. Driveline Retail Merchandising, Inc.*, No. 3:18-cv-2097, 2019 WL 4237848 (C.D. Ill. Sept. 6, 2019). *Lavender* is on fours with this case. It involved a consumer class action arising from a data breach. *Id.* at *1. Like here, the plaintiff sought to

---

[2] The Court need not wait until a class is certified for substitution to occur. *See In re Thornburgh*, 869 F.2d 1503, 1508-09 (D.C. Cir. 1989) ("[A] court may respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative.") (collecting cases). Since the Court will take up this motion at the same time as the motion for class certification, the Court may address the issues in either order. *See also Shankroff v. Advest, Inc.*, 112 F.R.D. 190, 194 (S.D.N.Y. 1986) (finding class representative inadequate but certifying class on condition that counsel provide adequate new class representative for substitution within 30 days).

-6-

2102960.5

substitute an absent class member as class representative after questions arose at deposition about her criminal history and adequacy. Like here, the plaintiff sought relief while her class certification motion was pending. *Id.* at *1-2. Also like here, the plaintiff sought to substitute a replacement class representative more than a year after filing, after significant discovery, and after the date to amend pleadings set forth in the scheduling order had passed. *Id.*

*Lavender* permitted the amendment and rejected the defendant's delay and prejudice arguments. *Id.* at *3-4. No delay exists because "the case is still in the early stages, as the Court has not yet ruled on class certification or any dispositive motions. In addition, Plaintiff filed the motion for leave to amend a little over a month after learning that Defendant was going to challenge Plaintiff's credibility. Under the particular facts of this case, the Court finds no undue delay." *Id.* at *4. The defendant "would not be unduly prejudiced by the amendment" because "[t]he only changes to the complaint are the substitution of a new plaintiff and information pertaining specifically to that plaintiff. All other allegations remain the same. Plaintiff is not adding any new claims" and "the majority of the discovery that has occurred to date will still be relevant to the amended complaint." *Id.* The same is true here.[3]

Similarly, in *Raquedan v. Centerplate of Delaware, Inc.*, No. 17-CV-03828-LHK, Dkt. 31 (N.D. Cal. Jan. 23, 2018) (attached as Exhibit A to Klinger Decl.), the court granted a request to substitute class representatives based on Plaintiff's counsel's concern that "Plaintiff's criminal conviction may raise issues about his adequacy to represent the class." *Id.* at 1. The court explained that "[t]he only thing Plaintiff seeks is a change of his

---

[3] Because substitution of Ms. Young can be resolved through a Court order appointing her as class representative, it will not require the entry of an amended class action complaint. However, for the Court's convenience, a sample amended class action complaint is attached as Exhibit B to the Klinger Declaration to demonstrate that there will be no material changes if Ms. Young is the class representative. The sample amended complaint shows "[t]he only changes to the complaint are the substitution of a new plaintiff and information pertaining specifically to that plaintiff. All other allegations remain the same." *Lavender*, 2019 WL 4237848 at * 4.

formal status from 'representative' of the class to a 'member' of the class, and to substitute in new representatives." *Id.* at 2. The court rejected defendant's arguments of prejudice and delay and allowed the substitution. *Id.* at 2-4.

The facts here are very similar to those in *Lavender* and *Raquedan*: Direct Energy's challenge to Ms. Burk's adequacy involves criminal allegations that first came to light at her deposition. Still-pending charges arose earlier this year, after the Court-imposed deadline to add parties had passed. Plaintiff's counsel were not aware of these charges.

Upon learning of the charges, Plaintiff's counsel acted promptly by identifying a substitute class representative, offering discovery of that representative on an expedited basis, and seeking relief from the Court. Class certification and dispositive motions have not yet been resolved. The discovery completed so far will remain relevant to the new class representative and the class. Accordingly, the appropriate remedy is to permit Ms. Young to serve as class representative. Doing so will allow the claims of the hundreds of thousands of absent class members to proceed, rather than jeopardizing them because of personal issues unrelated to this lawsuit.

Because substitution of Ms. Young as class representative will not require the entry of an amended class action complaint or a change to any dates on the scheduling order, the Court may consider the request under Rules 21, 23, or 24 of the Federal Rules of Civil Procedure. As described above, the Court has several procedural mechanisms available to it to substitute class representatives. The Court can enter a Rule 23 class certification order appointing Ms. Young as class representative, *see, e.g.*, Manual for Complex Litig. § 21.26; *Arevalo*, 2007 WL 9712070, at *2, join Ms. Young pursuant to Rule 21, *see, e.g.*, *Chavez*, 251 F.3d at 632, or permit Ms. Young to intervene pursuant to Rule 24, *see, e.g.*, *D.J. through O.W.*, 2019 WL 1499377, at *6. Any of these mechanisms are appropriate to effect the substitution requested.

-8-

### B. Plaintiff Has Acted Expeditiously to Request Substitution

If, however, the Court instead considers Ms. Young's request under Rules 15 and/or 16, findings that Plaintiff's counsel were not dilatory and that good cause exists to amend the complaint are appropriate. *See* Fed. R. Civ. P. 15(a) &16(b)(4).[4] Pursuant to this Court's scheduling order, the deadline for amendments to pleadings and the addition of new parties passed on October 1, 2019. Dkt. 19.[5] Plaintiff's counsel first learned of Direct Energy's intent to challenge Ms. Burk's adequacy on November 17, 2020, when counsel for Direct Energy raised the issue at her deposition. Klinger Decl. ¶ 13. Because Direct Energy's challenge to Ms. Burk's adequacy involves allegations of criminal conduct occurring in 2020, Plaintiff's counsel did not know (and could not have known) of this issue in October 2019.[6] Klinger Decl. ¶ 22. Once Plaintiff's counsel learned of Ms. Burk's alleged conduct and Direct Energy's anticipated challenge to her adequacy, counsel moved quickly, and in a matter of weeks identified an absent class member willing to serve as class representative; provided Ms. Young's information to Direct Energy, offered to provide discovery responses and a deposition on an expedited basis (Direct Energy declined the offer), and submitted a request to the Court to file this motion. Klinger Decl. ¶¶ 17-22.

Again, courts considering similar circumstances have allowed substitution. *See In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840-KHV, 2009 WL 3122501 (D. Kan. Sept. 24, 2009). There, substitution was appropriate after the amendment date set forth in the scheduling order because plaintiff's counsel subsequently "learned that plaintiff would be personally prosecuted" in an unrelated criminal matter

---

[4] As described above, the Court has discretion to address this request under Rules 21, 23, or 24 instead.
[5] The Court has since entered subsequent amended scheduling orders changing various other dates; however, that deadline has not been altered.
[6] Direct Energy also asked Ms. Burk about prior criminal charges from her past; however, a central argument in Direct Energy's challenge to Ms. Burk's adequacy is its claim that she may be unavailable to comply with the Court's scheduling order because she is dealing with current criminal charges, *see* Dkt. 89 at 2.

-9-

and "made the decision that new plaintiffs should be substituted to represent the interests of the class." *Id.* at *1. The court concluded that the plaintiffs had established "good cause to substitute plaintiffs outside the deadline set in the scheduling order," particularly when the events that give rise to the adequacy concerns occurred after the scheduling order deadline. *Id.* at *2.

### C. Substitution Will Cause No Prejudice

Permitting substitution will not cause prejudice to any party in this case. To the contrary, the alternative is much worse. It would be an extreme waste of judicial resources and the parties' resources for Ms. Young to start anew in another lawsuit instead of substituting into this one. *See In re Stone Energy Corp. Sec. Litig.*, No. 05-2088, 2009 WL 3232786, at *5 (E.D. La. Sept. 30, 2009) ("Dismissal of the entire consolidated suit would be both wasteful of judicial resources, and of the parties' time, energy, and money spent litigating the case thus far. . . . [R]eplacement of a lead plaintiff will neither prejudice [Defendant] nor waste judicial resources but in fact will be the best use of judicial resources."); *Lynch v. Baxley*, 651 F.2d 387, 388 (5th Cir. 1981) ("Efficient judicial administration weighs in favor of allowing an opportunity for a new and proper class representative to enter the case and litigate the interests of the subclass."). The Court should permit this case to proceed with Ms. Young serving as class representative.

This litigation is at a stage where substitution is the best option to minimize prejudice. While discovery is well underway, "the case is still in the early stages, as the Court has not yet ruled on class certification or any dispositive motions." *Lavender*, 2019 WL 4237848, at *4 (C.D. Ill. Sept. 6, 2019) (permitting substitution); *see also Raquedan v. Centerplate of Delaware, Inc.*, No. 17-CV-03828-LHK, Dkt. 31 (N.D. Cal. Jan. 23, 2018) (attached as Klinger Decl., Ex. A) (rejecting prejudice argument and permitting substitution).

The discovery sought by Ms. Burk and produced by Direct Energy to date has been relevant to the class TCPA claim. Ms. Burk has set forth the common questions of fact and law shared by all class members in her pending motion for class certification. Like Ms. Burk, Ms. Young received telemarketing calls from Direct Energy on her cell phone, without permission, in violation of the TCPA. Dkt. 85, Tabs 5-6, at A1758-63. Discovery has confirmed that the calls received by Ms. Young and Ms. Burk were placed by the same vendor, on the same autodialer, and as part of the same call campaign. *Id.*, Declaration of Jeffrey A. Hansen, Tab 2, at A0607. Relevant factual differences between Ms. Burk's and Ms. Young's claims are non-existent. The only differences are cosmetic, limited to the time, date, and cell phone number to which Direct Energy placed calls. *See* Klinger Decl., Ex. B. Thus, the quantity of discovery unique to Ms. Burk or Ms. Young is inconsequential, and any burden imposed on Direct Energy by having to produce some amount of additional discovery relevant only to Ms. Young would be far less than the burden imposed on the Parties by having Ms. Young litigate the issue in a separate action. *See Lavender*, at *4 (finding no prejudice and permitting substitution where "[t]he only changes to the complaint are the substitution of a new plaintiff and information pertaining specifically to that plaintiff" and explaining that "the majority of the discovery that has occurred to date will still be relevant to the amended complaint").

Given the absence of prejudice here, the Court should permit substitution.

## V. CONCLUSION

For the reasons set forth, Ms. Burk respectfully requests that the Court permit her to be substituted as class representative by Ms. Young.

In the alternative, if the Court is not inclined to permit substitution at this time, Ms. Burk respectfully requests that the Court deny the request without prejudice and permit her to revisit the issue, if appropriate, following a ruling on class certification.

Dated: December 23, 2020        Respectfully submitted,

**LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP**

By: */s/ Daniel M. Hutchinson*

**LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP**
Daniel M. Hutchinson (*pro hac vice*)
dhutchinson@lchb.com
Nimish R. Desai (Texas Bar No. 24105238)
(Southern District of Texas Bar No. 3370303)
ndesai@lchb.com
Evan J. Ballan (*pro hac vice*)
eballan@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

**LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP**
Jonathan D. Selbin (*pro hac vice*)
jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-959

**MASON LIETZ & KLINGER, LLP**
Gary M. Klinger (*pro hac vice*)
227 W. Monroe Street, Ste. 2100
Chicago, Illinois 60606
Telephone: (202) 975-0477
E-mail:  gklinger@masonllp.com

*Attorneys for Plaintiff and the Proposed Class*

-13-

## **CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for the Parties have met and conferred regarding Plaintiff's Motion to Substitute Class Representative. Direct Energy has stated that it will oppose Plaintiff's Motion.

                                                 */s/ Daniel M. Hutchinson*
                                                 Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was duly served upon all Counsel of record via electronic service, in accordance with the Federal Rules of Civil Procedure, on December 23, 2020. In addition, a true and correct copy was served upon Third-Party Defendant Total Marketing Concepts via certified U.S. mail addressed to its counsel of record on December 23, 2020.

                                                 */s/ Daniel M. Hutchinson*
                                                 Counsel for Plaintiff